**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULVIR SINGH, | No. 08-70800 |
| Petitioner, | Agency No. A073-423-178 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Kulvir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion, *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed more than two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed circumstances).

Singh's contention the BIA erred because it relied solely on the immigration judge's adverse credibility determination is not supported by the record.

**PETITION FOR REVIEW DENIED.**